UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYNETT POWELL,
Plaintiff,

v. Case No.: 3:21cv1009/LAC/ZCB

MARK INCH, et al.,
Defendants.
_____________________________/

**REPORT AND RECOMMENDATION**

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (Doc. 1). On October 6, 2022, the undersigned issued a Report and Recommendation recommending that Plaintiff's case be dismissed for failure to follow the Court's order to file an amended complaint. (Doc. 38). Plaintiff moved for reconsideration, providing an explanation for his failure to comply with the Court's order. (Doc. 40). Thus, the undersigned vacated the Report and Recommendation and gave Plaintiff until December 15, 2022 to file an amended complaint. (Docs. 41, 42). The Court directed the Clerk of Court to send Plaintiff the complaint form. Plaintiff was also informed that his failure to comply with the Court's order would result in a recommendation of dismissal. (Doc. 42 at 12).

Instead of filing an amended complaint by December 15, 2022, Plaintiff again requested an extension. (Doc. 46). Then another. (Doc. 48). And then another.

(Doc. 50). In its order granting Plaintiff an extension to March 30, 2023, the Court informed Plaintiff that this was a "**FINAL**" extension and that "[n]o further extensions of this deadline will be granted." (Doc. 51). Nonetheless, March 30, 2023 came and went without Plaintiff filing an amended complaint.

So, on April 13, 2023, the Court issued an order requiring Plaintiff to show cause as to why this case should not be dismissed for failing to follow an order of the Court. (Doc. 54). In response to the show cause order and despite being told his prior extension was the "**FINAL**" one, Plaintiff moved for another extension. (Doc. 56). Reluctantly, the Court granted Plaintiff's request and informed him that he would receive no further extensions of the deadline. (Doc. 59 at 11). The Court emphasized that it would give Plaintiff "**one last chance**" to file an amended complaint. (*Id.* at 3). The deadline for compliance with the Court's order has passed, and Plaintiff has not responded.

The Court has provided Plaintiff with repeated chances to file an amended complaint in this case. It has extended the deadlines multiple times. The Court has issued two show cause orders. The Court has repeatedly told Plaintiff that his failure to file an amended complaint as directed would result in a recommendation of dismissal of his case. Yet, Plaintiff still has not filed the amended complaint as ordered.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**[1] for Plaintiff's failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) (affirming dismissal where *pro se* litigant failed to file an amended complaint as directed by the district court).

---

[1] To the extent that Plaintiff's claims may be barred by the statute of limitations as a result of this dismissal, making this dismissal effectively one "with prejudice," the Court finds that Plaintiff has engaged in a pattern of willful delay and that lesser sanctions would not suffice. *See Abreu-Velez v. Bd. of Regents*, 248 F. App'x 116, 118 (11th Cir. 2007) (vacating a dismissal without prejudice for failure to prosecute that operated as a dismissal with prejudice because the district court failed to find a clear pattern of willful delay and that lesser sanctions would not suffice). As discussed above, nearly eleven months have passed since the Court instructed Plaintiff to file an amended complaint. Plaintiff has repeatedly asked for (and received) extensions of the deadline for filing an amended complaint. Despite these multiple extensions, Plaintiff has never filed an amended complaint. Thus, Plaintiff has engaged in a pattern of willful delay. Additionally, lesser sanctions would not suffice to address Plaintiff's failure to comply with the Court's order to file an amended complaint. Plaintiff has failed to file an amended complaint as directed for quite some time now. There is no reason to believe that will change if he were to be given yet another extension of time to do what he should have done many months ago. The Court has bent over backwards and been more than accommodating to Plaintiff. Yet, he has still failed to comply with the Court's order. Additionally, Plaintiff is a prisoner who is proceeding *in forma pauperis*. There is no reason to believe that he would have the ability to pay a monetary sanction. It also must be remembered that Plaintiff's initial complaint was found to be legally deficient (and subject to dismissal), which is what led to the original order requiring him to submit an amended complaint. Under the circumstances, the Court does not believe that a sanction less than dismissal would be sufficient here.

At Pensacola, Florida, this 27th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**